**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Amin Ivan Dominguez,

Petitioner,

v.

Eric Rokosky, *et al.*,

Respondents.

No. CV-26-06147-PHX-JJT

**ORDER**

The Court has considered Petitioner's latest (third) Petition for a Writ of Habeas Corpus by a Person in Immigration Custody pursuant to 28 U.S.C. § 2241 (Doc. 1), as well as Respondents' Response (Doc. 6) and Petitioner's Reply in support (Doc. 7). The Court granted Petitioner's first Petition in Matter No. 26-CV-04552 on July 27, 2026, and ordered Respondents to provide a bond redetermination hearing.[1] That hearing took place timely on July 31, 2026 (Doc. 9). The IJ denied Petitioner a bond after finding he presented a flight risk based on the IJ's evaluation of the information both parties presented at the hearing. (Doc. 9-1.) That information comprised in whole the following:

> The respondent is a single 38-year-old native and citizen of Nicaragua. He entered the United States at or near Roma, Texas, on or about November 26, 2021; he was not then admitted or paroled after inspection by an Immigration Officer.
>
> At his bond hearing, the respondent presented various documents that he wished to have considered. The Court received the late-filed and unpaginated

[1] It dismissed as duplicative Petitioner's second Petition in Matter No. 26-CV-04561.

> documents. The submissions include but are not limited to the following items: 2023 receipt notice for I-589 filing with DHS listing the respondent's address in Longmont, Colorado; habeas filings; 2024 tax return listing the respondent's address in Glendale, Arizona; 2024 pay stub from Lyft and W-2 from Adecco USA INC., listing the respondent's address in Casa Grande, Arizona; Several illegible documents; 2025 hospital and medical documents (many of which are in Spanish without English translation); Arizona Crash Report; 2026 receipt for services provided by Dr. Wells at Banner University Medical Center in Phoenix listing the respondent's address in Phoenix, Arizona; 2025 health insurance form listing the respondent's address in Glendale, Arizona; 2025 invoice from Desert Sky Pharmacy listing the respondent's address in Glendale, Arizona; 2026 letters of support from friends and his church pastor in Miami, Florida; And 2026 City of Phoenix Emergency Transportation Services Trip Invoice listing the respondent's address in Glendale, Arizona. It is unclear to the Court where the respondent is living since he has provided documents with various addresses in multiple states.
>
> The Court takes administrative notice of the fact that on July 30, 2026, the respondent had an individual hearing, and the immigration judge denied asylum, withholding of removal, protection under the Convention Against Torture, and ordered the respondent removed to Nicaragua; the respondent reserved his right to appeal. The Court finds that the possibility of a higher court's reversal of the immigration judge's decision is too speculative to merit much weight. *See Matter of R-A-V-P-*, 27 I & N Dec. at 805. Furthermore, if an appellate court dismisses the appeal and upholds the order denying the respondent's relief application, the Court finds that there is very little evidence in the record to show that the respondent has any incentive to present himself for removal.

(Doc. 9-1 at 3-4.) Importantly, the IJ does not mention, and Petitioner did not appear to have raised in that proceeding, any information about his physical or mental health issues while in immigration custody.

The instant Petition raises only one issue for the Court in support of Petitioner's argument for release from custody. That is his deteriorating physical and mental health while in custody and the humanitarian concerns his condition raises that justify release. The Petition does not take issue with any aspect of the IJ's prior decision. It does not identify any constitutional violation, abuse of discretion or misapplication of the law.

Petitioner merely argues-somewhat confusingly—that his continued detention presents a due process violation, but then returns to clarify he is referring to the humanitarian concerns he has raised.

The Court thus concludes Petitioner, in his latest Petition, is not urging error in the IJ's previous detention determination. Rather, he is simply seeking release based on his physical and mental condition, which he never raised to the IJ in previous proceedings. He may of course pursue this, but not via habeas. Absent a violation of the laws or Constitution of the United States being shown as the basis for Petitioner's detention, habeas jurisdiction will not lie with this Court. And as Respondents acknowledge, Petitioner has the ability to seek an additional bond redetermination hearing based on changed circumstances, as he is detained pursuant to 8 U.S.C. § 1226(a), which permits discretionary bond hearings. Having so concluded, the Court need not reach the exhaustion issue raised by Respondents in their briefing.

Accordingly,

**IT IS ORDERED** denying the instant Petition for a Writ of Habeas Corpus by a Person in Immigration Custody pursuant to 28 U.S.C. § 2241 (Doc. 1). The Clerk of Court shall enter judgment accordingly and close this matter.

Dated this 14th day of October, 2026.

Honorable John J. Tuchi
United States District Judge